Allow, J.
These are two actions of tort in which the plaintiff, Ernest George, seeks to recover for personal injuries and for damage to his automobile, and the plaintiff, Richard George, seeks to recover for personal injuries. Both claims arise from an automobile collision which occurred March 14, 1944 in Quincy. The negligence of the driver of the defendant’s vehicle is admitted, and the sole question raised by the report concerns the legality of the registration of the plaintiff’s car.
Without narrating all the evidence contained in the report it is sufficient for the purposes of disposing of this issue to set forth the following facts. The car in which the plaintiffs were riding was owned by Ernest George who since 1940 had worked steadily at the Bethlehem Shipbuilding Corporation, at Quincy, Massachusetts, as a pipe welder and who still worked there on March 14, 1944, the date of the accident. There was further evidence that, at the time of the accident, Ernest George was also an automobile *168 dealer, buying and selling used cars;. that he had been in the used car business prior to 1942 when in conjunction with a gas station owned by his mother he had operated a repair shop and bought and sold used cars. The auto business was conducted under- the name of the George Motor Sales. Both Ernest George and Richard George while working at the Bethlehem Shipbuilding Corporation brought cars to the shipyard to show to prospective purchasers and had sold seven or eight cars between January 1, 1944 and the time of the accident. On January 6, 1944, a dealer’s certificate of registration was issued to Ernest George and with it those plates which were attached to the car at the time of the accident.
The defendant contends that Ernest George was not entitled to this- type of registration as a dealer. While ‘ ‘ dealer” is defined in Gen. Laws, chap. 96, sec. 1 as “any person who is engaged principally in the business of buying, selling, or exchanging motor vehicles”, the law provides no quantitative or qualitative test. The question is primarily one of fact to be determined on the peculiar merits of each case. Pierce v. Hutchinson, 241 Mass. 557. It was for the court to decide as a fact whether a man, who had always engaged in the business of repairing cars and trading in used automobiles, had lost his character as automobile dealer by taking employment in a shipyard during the war emergency, and we cannot as a matter of law say that the finding of the court that he did not was wrong. Report dismissed.